UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 17-cr-20184

v.                                  Judith E. Levy
                                  United States District Judge

Edward Tavorn (D-2),

                Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [605]

Before the Court is *pro se* Defendant Edward Tavorn's motion for reduction of sentence or compassionate release. (ECF No. 605.) On October 7, 2020, Defendant was sentenced to 168-months' imprisonment after he pleaded guilty to a RICO conspiracy charge under 18 U.S.C. § 1962(d). (ECF No. 559.) He is currently incarcerated at USP Hazelton in Bruceton Mills, West Virginia. On December 20, 2022, Defendant moved for compassionate release and/or reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 605.)

Compassionate release motions require a "three-step inquiry." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration in original). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

In cases where an incarcerated person files a motion for compassionate release, "district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Id.* at 519–20 (quoting *Jones*, 980 F.3d at 1101).

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) because of his ongoing medical conditions. (*See* ECF No. 605, PageID.9352.) He explains that

> [d]ue to a near death gun shot incident, Defendant suffers from a medical condition that substantially diminishes his

2

> ability to provide self-care in a correctio[n]al enviro[n]ment. Defendant's right arm is disabled due to extensive nerve damage, he is unable to lift in excess of 5 lbs. Full mobility of his neck is hindered due to multiple screws implanted. Severe asthma due to the injury makes over-exertion extrem[e]ly painful and complicated. The Defendant respectfully asks this honorable Court to consider his clear conduct in the FBOP when making it[]s determination.

(ECF No. 605, PageID.9352.)

The Court finds that Defendant does not present "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Other courts have previously noted that "[c]ompassionate release due to a medical condition is an extraordinary and rare event." *United States v. Dusenbery*, No. 5:91-cr-291, 2019 WL 6111418, at *2 (N.D. Ohio Nov. 18, 2019) (collecting cases) (explaining that other courts have denied compassionate release when a "defendant required bypass surgery and follow-up care after a heart attack" and when a "defendant was legally blind and osteoarthritis in both knees").

Although Defendant states that he has diminished capacity for self-care and requires "assistance with dressing" at times (ECF No. 605, PageID.9359), there is no indication that he requires any other form of assistance in carrying out daily tasks. While the Court recognizes the

3

seriousness of Defendant's injuries, he has not shown that his injuries are so "extraordinary and compelling" to require release.

Moreover, Defendant's injuries already existed at the time of sentencing. (*See, e.g.*, ECF No. 592, PageID.9135–9136 (referring to Defendant's gunshot wound).) His medical reports confirm that Defendant has a history of asthma and "traumatic arthritis of the neck, with shoulder and neck pain." (ECF No. 605, PageID.9367.) And although Defendant attaches a medical report describing an altercation between him and another inmate, the report indicates that Defendant did not experience "any pain or injuries" from this altercation. (*Id.* at PageID.9363.)

Because Defendant cannot demonstrate "extraordinary and compelling reasons" that warrant release, the Court need not address the other requirements for compassionate release under § 3582(c)(1)(A). *See Elias*, 984 F.3d at 519. For the reasons stated above, Defendant's motion for compassionate release is denied.

IT IS SO ORDERED.

Dated: April 13, 2023      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                     United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
