UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

               Plaintiff,      Case No. 17-20184

v.                                Judith E. Levy
                                    United States District Judge

Edward Tavorn,

               Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [624]**

Before the Court is Defendant Edward Tavorn's motion, which is titled "motion to amend Defendant 18 U.S.C. 3582(c)(1)(A), pursuant to retroactive Amendment 814 which revised USSG 1B1.13." (ECF No. 624, PageID.9541.) Defendant's motion appears to be a motion for compassionate release. For the reasons set forth below, Defendant's motion is denied.

I.    **Background**

Defendant is currently incarcerated at USP Hazelton. On October 7, 2020, he was sentenced to 168 months after he pled guilty to one count

of RICO conspiracy in violation of 18 U.S.C. § 1962(d). (ECF No. 559, PageID.8487–8788.)

On December 20, 2022, Defendant filed a motion for compassionate release, which reasoned that compassionate release should be granted because of his medical condition:

> [d]ue to a near death gun shot incident, Defendant suffers from a medical condition that substantially diminishes his ability to provide self-care in a correctio[n]al enviro[n]ment. Defendant's right arm is disabled due to extensive nerve damage, he is unable to lift in excess of 5 lbs. Full mobility of his neck is hindered due to multiple screws implanted. Severe asthma due to the injury makes over-exertion extrem[e]ly painful and complicated. The Defendant respectfully asks this honorable Court to consider his clear conduct in the FBOP when making it[]s determination.

(ECF No. 605, PageID.9352.) The Court denied this motion without prejudice because he did not show that his injuries are so "extraordinary and compelling" to require release, and because Defendant's injuries existed at the time of sentencing. (*Id.* at PageID.9462.)

Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on August 12, 2024. (ECF No. 620.) The Court denied this motion because Defendant is not eligible for a reduction pursuant to Amendment 821, Part A. (ECF No. 626.)

2

Defendant filed this motion for compassionate release on August 28, 2024. (ECF No. 624.)

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a motion for compassionate release or modification of a sentence may be filed the Director of the Bureau of Prisons ("BOP") or by "an imprisoned person . . . after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *See United States v. Jones*, 980 F.3d 1098, 1104–05 (6th Cir. 2020) (citations omitted).

In resolving compassionate release motions, courts in the Sixth Circuit apply a three-step inquiry. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021). First, "the court must 'find' that 'extraordinary and compelling reasons warrant [a sentence] reduction.'" *Id.* (alteration in original) (quoting *Jones*, 980 F.3d at 1101). Second, the Court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.'" *Id.* (quoting *Jones*, 980 F.3d at 1101). Third, the Court must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." *Id.* (alteration

3

in original) (quoting *Jones*, 980 F.3d at 1101). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

With respect to the second factor, the relevant policy statement by the Sentencing Commission is found in United States Sentencing Guidelines Manual § 1B1.13. *Jones*, 980 F.3d at 1108 (citation omitted). Previously, § 1B1.13 expressly applied only to a "motion of the Director of the Bureau of Prisons." U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2021). Based on this language, the Sixth Circuit concluded that "§ 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias*, 984 F.3d at 519. However, the Sentencing Commission amended this policy statement to also apply to motions made by incarcerated individuals. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023); U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023) [hereinafter U.S.S.G.

4

§ 1B1.13] ("Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A) . . . ." (emphasis added)).

The now-applicable policy statement provides that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) the medical circumstances of the defendant, (2) the age of the defendant, (3) the family circumstances of the defendant, (4) whether the defendant was a victim of abuse while in custody, (5) "Other Reasons," and (6) a non-retroactive change in the law if the defendant received an unusually long sentence and has been in prison for at least ten years. *See* U.S.S.G. § 1B1.13(b)(1)–(6). Under the "Other Reasons" provision, a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." *Id.* at § 1B1.13(b)(5). While rehabilitation alone does not qualify as an extraordinary or compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id.* at § 1B1.13(d).

5

### III. Analysis

Defendant presents several reasons for compassionate release: 1) "a remarkable record of rehabilitation," 2) his "perfect disciplinary record for over 3 years," 3) his maintaining of "close and laudable ties to his family and community," 4) his age at the time of his criminal conduct, and 5) that "he is no longer a danger to others or to his community." (ECF No. 624, PageID.9543–9547.)

As an initial matter, Defendant has not exhausted his administrative remedies. Pursuant to 18 U.S.C. § 3582(c)(1)(A), an imprisoned person may file a motion for compassionate release "after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1104–05 (citations omitted). Defendant does not state or submit any evidence in this motion or his other recent motion that he exhausted the BOP's administrative process. (ECF Nos. 620, 624.) For this reason, Defendant's motion must be denied.

Regardless of whether Defendant sufficiently exhausted his administrative remedies, Defendant's motion is denied because he has

6

not shown extraordinary or compelling reasons for compassionate release.

As an initial matter, Defendant points to his rehabilitation while incarcerated: he states that he has "a remarkable record of rehabilitation." (ECF No. 624, PageID.9543–9545.) Under the Sentencing Commission's policy statement, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)). However, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *Id*. Defendant's efforts to pursue education and improve his life skills are admirable. However, under existing law, Defendant's rehabilitation cannot support a finding of extraordinary and compelling circumstances because he has not identified other circumstances.

Defendant contends that he can demonstrate "other reasons" that would warrant a sentence reduction pursuant to U.S.S.G. § 1B1.13(b)(5). U.S.S.G. § 1B1.13(b)(5) states that "other reasons" may constitute extraordinary and compelling circumstances when "[t]he defendant

7

presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

Defendant suggests that these "other reasons" are his "perfect disciplinary record for over 3 years," his maintaining of "close and laudable ties to his family and community," that his age at the time of his convicted conduct supports that he is "a change[d] man," and that "he is no longer a danger to others or to his community." (ECF No. 624, PageID.9544–9547.)

The Court has carefully reviewed Defendant's motion. First, several of these reasons – his disciplinary record, his no longer being a danger to others or the community, and his discussion of his age – appear to be related to his contention that he has been rehabilitated. As stated earlier, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. § 994(t)).

Next, Defendant's circumstances are not "similar in gravity" to the other circumstances described in U.S.S.G. § 1B1.13(b)(1)–(4), which require a showing of circumstances such as serious or terminal illness,

8

that the defendant's advanced age is causing "serious deterioration in physical or mental health," or that the defendant was a victim of abuse while in custody. The Court appreciates Defendant's efforts to improve his life and maintain ties to his community and family and encourages him to continue in this direction. Doing so will certainly be a factor in the Court's consideration of any future motion for compassionate release. But, at this time, Defendant has not demonstrated circumstances that are similar to gravity to the other circumstances described in U.S.S.G. § 1B1.13.(b)(1)–(4).

Accordingly, the Court DENIES Defendant's motion for compassionate release. (ECF No. 624.)

IT IS SO ORDERED.

Dated: November 12, 2024　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2024.

　　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　　Case Manager

9